UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARSHA SHANTA ALLGOOD,<br><br>    Plaintiff,<br><br>v.<br><br>CNA INTERNATIONAL, INC., d/b/a<br>MC APPLIANCE CORPORATION,<br><br>    Defendant. | Docket No.: 1:23-cv-462<br><br><br><br>COMPLAINT AND DEMAND FOR<br>JURY TRIAL |

## COMPLAINT

Plaintiff, **TARSHA SHANTA ALLGOOD**, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **TOMASIK KOTIN KASSERMAN, LLC** hereby submits the following Complaint and Demand for Jury Trial against Defendant **CNA INTERNATIONAL, INC. d/b/a MC APPLIANCE CORPORATION** (hereafter referred to as "Defendant MC Appliance" and "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

### NATURE OF THE CASE

1. Defendant MC Appliance designs, manufactures, markets, imports, distributes and sells a wide-range of consumer kitchen products, including the subject "Magic Chef 6 Qt. 7-in-1 Multi-Cooker," which specifically includes the Model Number MCSMC10S7 (referred to hereafter as "pressure cooker(s)" or "Subject Pressure Cooker") that is at issue in this case.

1

2. Defendant touts the "safety"[1] of its pressure cookers, and states that they cannot be opened while in use. Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. Defendant ignored and/or concealed its knowledge of these defects in its pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

---

[1] *See*, Magic Chef Multicooker User's Manual, pgs. 10-11. A copy of the User Manual is attached hereto as "Exhibit A".

6. As a direct and proximate result of Defendant's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF TARSHA SHANTA ALLGOOD

7. Plaintiff Tarsha Shanta Allgood is a resident and citizen of the city of Charlotte, County of Mecklenburg, State of North Carolina. Plaintiff therefore is a resident and citizen of the State of North Carolina for purposes of diversity pursuant to 28 U.S.C. § 1332.

8. On or about February 2, 2021, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed us of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety features,"[2] which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as a result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT MC APPLIANCE CORPORATION

9. Defendant designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, toasters, coffee makers, and pizza ovens, amongst others.

10. Defendant boasts that "[f]or more than 90 years, Magic Chef has been a household name that at-home chefs turn to for dependable, easy-to-use kitchen appliances"[3] and that their products "help consumers create magical moments and simplify their lives."[4]

---

[2] *Id.*
[3] *See* https://mcappliance.com/magic-chef (last accessed January 23, 2023)
[4] *Id.*

3

11. Defendant MC Appliance is an Illinois corporation with its principal place of business located at 940 Central Avenue, Wood Dale, Illinois 60191, and as such is deemed a resident of the State of Illinois.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Defendant maintains a principal place of business in this district and is deemed a resident of this district for purposes of diversity pursuant to 28 U.S.C. § 1332.

14. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Illinois and intentionally availed itself of the markets within the State of Illinois through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

15. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

16. Defendant warrants, markets, advertises, and sells its pressure cookers as a means to cook food faster and ensure that food "doesn't dry out and has better texture."[5]

17. Defendant claims that its pressure cookers come equipped with a number of "safety features" and are UL certified,[6] leading consumers to believe that its pressure cookers are safe for their intended and reasonably foreseeable purpose of cooking.

18. For example, according to the User's Manual accompanying each individual unit sold, the

---

[5] Magic Chef Multicooker User's Manual, pg. 10.
[6] *Id*.

pressure cookers are equipped with an "Open and Close Lid Safety Device" which purports to prevent the lid from being opened while the unit retains pressure, stating:

> f. Open and Close Lid Safety Device: If there is pressure inside the cooker, then the lid will be set to the lock position to prevent opening.

*See*, Magic Chef Multicooker User's Manual, Pg. 11.

19. The User's Manual further claims the units possess a "Micro Switch for Open Guard," which purportedly ensures that "[o]nly when the lid is closed properly, will the pressure begin to generate."[7]

20. By reason of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

21. Plaintiff used the pressure cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by the Defendant.

22. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

23. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

---

[7] *Id*.

24. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

25. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

26. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

27. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**CLAIMS FOR RELIEF**

**COUNT I**
**STRICT LIABILITY**

28. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

29. At the time of Plaintiff's injuries, Defendant's Pressure Cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

30. Defendant's Pressure Cookers were in the same or substantially similar condition as when they left the possession of Defendant when Plaintiff used her pressure cooker on February 2, 2021.

31. Plaintiff did not misuse or materially alter the pressure cooker, including through her use on February 2, 2021.

32. The Pressure Cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

33. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Pressure Cookers safe. Specifically:

   a. The Pressure Cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the Pressure Cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant failed to warn and place adequate warnings and instructions on the Pressure Cookers;

   e. Defendant failed to adequately test the Pressure Cookers; and

   f. Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

34. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

   **WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENT DESIGN DEFECT

35. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

36. Defendant is the manufacturer, seller, distributor, marketer, and supplier of the Subject Pressure Cookers, which were negligently designed.

37. Defendant failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its pressure cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

38. As a result, the Subject Pressure Cookers, including Plaintiff's pressure cooker, contain defects in their design which render them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant, which causes an unreasonable increased risk of injury, including, but not limited to, first-, second-, and third-degree burns.

39. Plaintiff in this case used her pressure cooker in a reasonably foreseeable manner and did so as substantially intended by Defendant.

40. The Subject Pressure Cooker was not materially altered or modified after being manufactured by Defendant and before being used by Plaintiff.

41. As a direct and proximate result of Defendant's negligent design of its pressure cookers, the Plaintiff in this case suffered injuries and damages described herein.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT III
## NEGLIGENT FAILURE TO WARN

42. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

43. At the time in which the Subject Pressure Cooker was purchased, up through the time Plaintiff was injured, Defendant knew or had reason to know that its pressure cookers were dangerous and created an unreasonable risk of harm to consumers.

44. Defendant had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its pressure cookers likely to be dangerous.

45. As a direct and proximate result of Defendant's failure to warn of the dangers of its pressure cookers, the Plaintiff in this case suffered injuries and damages described herein.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IV
## NEGLIGENCE

46. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

47. Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective Pressure Cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

48. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Pressure Cookers in that Defendant knew or should have known that said Pressure Cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

49. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its Pressure Cookers in that, among other things, it:

    a. Failed to use due care in designing and manufacturing the Pressure Cookers to avoid the aforementioned risks to individuals;

    b. Placed an unsafe product into the stream of commerce;

    c. Aggressively over-promoted and marketed its Pressure Cookers through television, social media, and other advertising outlets; and

    d. Were otherwise careless or negligent.

50. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market its pressure cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT V
## BREACH OF EXPRESS WARRANTY

51. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

52. Defendant expressly warranted that its pressure cookers were safe and effective to members of the consuming public, including Plaintiff and her family. Moreover, Defendant expressly warranted that the lid of the Pressure Cooker could not be removed while the unit remained pressurized. Specifically:

    a. "If the handle is difficult to slide open, this indicates that the cooker is still pressurized"[8]

    b. "Open and Close Lid Safety Device: If there is pressure inside the cooker, then the lid will be set to the lock position to prevent opening."[9]

    c. "Micro Switch for Open Guard: Only when the lid is closed properly, will the pressure begin to generate."[10]

---

[8] *Id.* at pgs. 5, 13.
[9] *Id.* at pg. 11.
[10] *Id.*

10

53. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

54. Defendant marketed, promoted, and sold its pressure cookers as a safe product, complete with "safety features."

55. Defendant's pressure cookers do not conform to these express representations because the lid can be removed using normal force while the units remain pressurized, despite the appearance that the pressure has been released, making the pressure cookers not safe for use by consumers.

56. Defendant breached its express warranties in one or more of the following ways:

    a. The pressure cookers as designed, manufactured, sold and/or supplied by the Defendant, were defectively designed, and placed into the stream of commerce by Defendant in a defective and unreasonably dangerous condition;

    b. Defendant failed to warn and/or place adequate warnings and instructions on their pressure cookers;

    c. Defendant failed to adequately test its pressure cookers; and

    d. Defendant failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury from their pressure cookers.

57. Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

58. Plaintiff's injuries were the direct and proximate result of Defendant's breach of its express warranties.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**COUNT VI**
**BREACH OF IMPLIED WARRANTY OF FITNESS**
**FOR A PARTICULAR PURPOSE**

11

59. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

60. Defendant manufactured, supplied, and sold its Pressure Cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

61. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

62. Defendant's Pressure Cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

63. The Plaintiff in this case reasonably relied on Defendant's representations that its Pressure Cookers were a quick, effective and safe means of cooking.

64. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VII
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

65. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

66. At the time Defendant marketed, distributed and sold its Pressure Cookers to the Plaintiff in this case, Defendant warranted that its Pressure Cookers were merchantable and fit for the ordinary purposes for which they were intended.

67. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

68. Defendant's Pressure Cookers were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

69. Plaintiff used her Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that they were safe for its intended, foreseeable use of cooking.

70. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including exemplary damages if applicable, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

  a. judgment for Plaintiff and against Defendant;
  b. damages in excess of $75,000 to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case;

e. an award of attorneys' fees; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**TOMASIK KOTIN KASSERMAN, LLC**

Date: <u>January 25, 2023</u>

<u>/s/ Timothy S. Tomasik</u>
Timothy S. Tomasik
Loren Legorreta
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
(312) 605-8800
tim@tkklaw.com
loren@tkklaw.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.
*Pro Hac Vice to be filed*
Anna R. Rick, Esq.
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***