**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Tarsha Shanta Allgood, | |
| *Plaintiff,* | |
| v. | |
| CNA International, Inc. d/b/a MC Appliance Corporation, | |
| *Defendant.* | No. 23 CV 462 |
| CNA International, Inc. d/b/a MC Appliance Corporation, | Judge Lindsay C. Jenkins |
| *Third Party Plaintiff,* | |
| v. | |
| Midea Group Co. Ltd. d/b/a Midea Electric Trading (Singapore) Co. Pte. Ltd., | |
| *Third Party Defendant.* | |

**MEMORANDUM OPINION AND ORDER**

Tarsha Shanta Allgood sued CNA International, Inc. over burns she suffered from an allegedly defective pressure cooker that CNA sold. [Dkt. 1.] CNA then filed a two-count third-party complaint for contribution and breach of contact against Midea Group Co. Ltd., the entity that manufactured the pressure cooker. [Dkt. 26.] *See* Fed. R. Civ. P. 14(a). Midea answered CNA's complaint and asserted fourteen defenses it styled "affirmative defenses." [Dkt. 41.] CNA moved to strike 13 of Midea's defenses pursuant to Federal Rule of Civil Procedure 12(f). [Dkt. 44.] For the reasons stated below, CNA's motion is granted in part and denied in part.

## I.  Legal Standard

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are "disfavored" because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). Motions to strike may, however, "remove unnecessary clutter from the case," in which case "they serve to expedite, not delay." *Id.* The Court grants a motion to strike affirmative defenses "only when they are insufficient on the face of the pleadings," meaning they "will not be struck if they are sufficient as a matter of law or present questions of law or fact." *Id.* (citations omitted); *accord Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1401 (7th Cir. 1991) ("Motions to strike … will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." (cleaned up)).

Courts in this district have applied a three-prong test to determine whether an affirmative defense is "sufficient" on its face. To survive a motion to strike, "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge." *Romans v. Orange Pelican*, 2023 WL 2933050, at *3 (N.D. Ill. Apr. 13, 2023) (cleaned up).

## II.  Analysis

Before turning to Midea's defenses, the Court discusses several preliminary matters: (1) the distinction between a "defense" and an "affirmative defense"; (2) the pleading standard for defenses; and (3) how the Court exercises its discretion when

ruling on a motion to strike. The Court then takes up each of Midea's defenses in turn, concluding that some are sufficient and some should be stricken.

### A.    Defenses and Affirmative Defenses

As another court has observed, the way "lawyers actually litigate in the real world" is "to invoke affirmative defenses in generic fashion." *Aylin & Ramtin, LLC v. Barnhardt*, 2022 WL 658786, at *3 (N.D. Ill. Mar. 4, 2022). But a close look at the text of the Rules reveals that there is a difference between an "affirmative defense" and a "defense." A party must "state in plain terms its *defenses* to each claim asserted against it," Fed. R. Civ. P. 8(a)(1)(A) (emphasis added), and "[e]very *defense* to a claim … must be asserted in the responsive pleading," including the "*defenses*" that can be asserted by motion, such as failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b) (emphases added). "In responding to a pleading," however, "a party must affirmatively state any avoidance or *affirmative defense*." Fed. R. Civ. P. 8(c)(1) (emphasis added).

Other authorities also indicate that the Rules distinguish between "defenses" and "affirmative defenses." In *Bell v. Taylor*, the Seventh Circuit rejected the plaintiff's argument that by not "notif[ying] him that he identified the wrong photo in his complaint," the defendant "waived this 'wrong photo defense'":

> Bell misunderstands both the definition of "affirmative defense" and a defendant's obligations at the pleading stage of civil litigation. While Rule 8(c) directs parties to raise affirmative defenses in the pleadings, Taylor did not assert an affirmative defense. An affirmative defense limits or excuses a defendant's liability even if the plaintiff establishes a *prima facie* case.

827 F.3d 699, 704–05 (7th Cir. 2016) (cleaned up). Similarly, *Wright & Miller* states that Rule 8(c)'s reference to "affirmative defenses"

> encompasses two types of defensive allegations: those that admit the allegations of the complaint but suggest some other reason why there is no right of recovery, and those that concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer.

5 Fed. Prac. & Proc. Civ. § 1271 (4th ed. Apr. 2023 update) (footnote omitted). The treatise cautions that because the full scope of affirmative defenses a party must state is uncertain, a party "often will decide to set up affirmatively matter that technically may not be an affirmative defense but nonetheless might fall within the residuary clause of Rule 8(c)." *Id.*

Whether to classify a defense as an affirmative defense is not always clear, and district courts in the Seventh Circuit have adopted varying approaches to motions to strike defenses pleaded as affirmative defenses that may not technically qualify. *See, e.g.*, *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 785–86 (N.D. Ill. 2018) (noting different views on "[w]hether 'failure to state a claim' can properly be asserted as an affirmative defense"). The Court understands this topic to present two distinct questions: First, is it proper to assert the defense in an answer at all? And second, is the defense an affirmative defense within the meaning of Rule 8(c)?

On the first question, the Rules expressly contemplate a party asserting all defenses in its answer. Fed. R. Civ. P. 8(a)(1)(A), 12(b); *accord Aylin*, 2022 WL 658786, at *3 ("A failure to state a claim is not one of the affirmative defenses listed in Rule 8(c)(1). But it is a 'defense' within the meaning of Rule 12(b)(6)." (citation omitted)). Unless it is "insufficient, … redundant, immaterial, impertinent, or scandalous," the

Court will not strike a defense under Rule 12(f). On the second question, the Court looks to binding and persuasive authority and determines on a defense-by-defense basis whether a defense not listed in Rule 8(c) must be asserted in the answer or be waived. *Cf.* 5 Fed. Prac. & Proc. Civ. § 1271 (surveying such defenses). With the distinction between defenses and affirmative defenses in mind, the Court turns to another open question in the Seventh Circuit: the pleading standard for defenses.

### B.    Pleading Standard for Defenses

The *Twombly–Iqbal* pleading standard has been in force for a decade and a half, but while other courts have decided whether the standard applies to pleading defenses, the Seventh Circuit has not expressly done so. *See, e.g.*, *Sarkis' Café, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1040 (N.D. Ill. 2014). The majority view, adopted by some courts in this district, is that the plausibility pleading standard should not apply to defenses. 5 Fed. Prac. & Proc. Civ. § 1274. [Dkt. 48 at 2 (collecting cases).] As CNA points out, however [Dkt. 51 at 2], the Seventh Circuit has held that "[a]ffirmative defenses are pleadings and, therefore, are subject to all the pleading requirements of the Federal Rules of Civil Procedure. Thus, defenses must set forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a); and citing *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736–37 (N.D. Ill. 1982)); *see, e.g.*, *Romans*, 2023 WL 2933050, at *3 (applying this standard).

Although *Heller* predated the Supreme Court's recognition of the plausibility pleading standard, it appears that *Heller* applied the Rule 8 pleading standard for complaints to affirmative defenses. After stating that "defenses must set for a 'short and plain statement' of the defense," the opinion noted that relying on "bare bones

conclusory allegations" is insufficient; instead, an affirmative defense must include a "short and plain statement of facts" and "allege the necessary elements" of the defense." *Id.* at 1295. That sounds like the pleading standard for complaints. *See, e.g.*, *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021) ("We review a district court's dismissal under Rule 12(b)(6) de novo, construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing reasonable inferences in the plaintiff's favor. Yet we need not accept as true statements of law or unsupported conclusory factual allegations." (cleaned up)).

To be sure, *Heller*'s analysis is questionable in several respects. Its assertion that affirmative defenses are pleading is unsupported. It relied only on a district court opinion that made the same assertion without citing authority. 883 F.2d at 1294 (citing *Bobbitt*, 532 F. Supp. at 737). A closer look reveals that an affirmative defense is not a pleading. *See* Fed. R. Civ. P. 7(a); *United States ex rel. Patzer v. Sikorsky Aircraft Corp.*, 382 F. Supp. 3d 860, 865–66 (E.D. Wis. 2019) ("Technically, … affirmative defenses are not pleadings. The *answer* is the pleading, of which the affirmative defense is merely a part." (citation omitted)). The citation to Rule 8(a)— again taking a cue from *Bobbitt*—is also inapt. Rule 8(a) governs "claims for relief," while Rule 8(b) applies to defenses, and these provisions contain different language. *See Aylin*, 2022 WL 658786, at *1–2 ("Rule 8(a)(2) requires a complaint to 'show' that the plaintiff is entitled to relief, but Rule 8(b)(1)(A) and Rule 8(c)(1) simply require a defendant to 'state' its defenses. … Under the Federal Rules, and in life, there's a big difference between *tell* me and *show* me." (cleaned up)); *Patzer*, 382 F. Supp. 3d at

6

866 ("[I]n actuality, the Federal Rules do not contain a single pleading requirement that governs both claims for relief and affirmative defenses."). Even so, Seventh Circuit precedent is binding on this Court unless and until the Supreme Court or the Seventh Circuit overrules it. The Court concludes that *Heller* held that affirmative defenses are held to the same pleading standard as claims in a complaint.

Recall, however, that not all defenses are affirmative defenses. As explained above, Rules 8(b) and 12(b) tell a party answering a pleading to state every defense. Some defenses, such as the failure to state a claim, are not affirmative defenses because they do not "limit[ ] or excuse[ ] a defendant's liability even if the plaintiff establishes a *prima facie* case," *Bell*, 827 F.3d at 704–05 (quotation omitted), yet they may be stated in an answer, *see Aylin*, 2022 WL 658786, at *3. By its terms, *Heller* applies only to affirmative defenses, and given the concerns the Court has about *Heller*'s reasoning, it will not extend *Heller* to other defenses. *See* 5 Fed. Prac. & Proc. § 1270 (distinguishing affirmative defenses from "denials or negative defenses that directly contradict elements of a plaintiff's claim for relief" (footnote omitted)).

The upshot is that the Court will apply the three-prong test discussed above, *see Romans*, 2023 WL 2933050, at *3, only if a defense is properly characterized as an affirmative defense. This is a different approach than some district courts have taken. For example, in *LaSalle Bank National Association v. Paramount Properties*, the court stated that "'failure to state a claim' may not meet the technical definition of an affirmative defense because it does not raise any matter outside of [the] complaint," but it permitted it as an affirmative defense and applied the three-prong

7

test. 588 F. Supp. 2d 840, 860–61 (N.D. Ill. 2008). If faced with a negative defense pleaded as an affirmative defense, this Court will instead consider if the defense: (1) is "state[d] in short and plain terms" as required by Rule 8(b)(1)(A); (2) gives sufficient notice to the party against which the defense is raised; and (3) is not redundant. *See Aylin*, 2022 WL 658786, at *2–3 (discussing with approval *Wright & Miller*'s notice-based approach); *Patzer*, 382 F. Supp. 3d at 865 ("[I]t is important to remember that a plaintiff does not have to file a responsive pleading to an answer that states an affirmative defense."); *id.* at 866 ("[A] defendant can provide the plaintiff with fair notice of an affirmative defense by merely stating the name of the defense."); *see also* 5 Fed. Prac. & Proc. Civ. § 1269 (explaining that improperly classifying a denial as an affirmative defense is rarely prejudicial). The Court applies this approach below.

## C. Exercising Discretion to Strike Defenses

Another wrinkle remains. Rule 12(f) permits the Court to use discretion when ruling on a motion to strike. *See Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1142 (7th Cir. 2009). It "may strike" an insufficient or redundant defense, Fed. R. Civ. P. 12(f), but this implies that even if an affirmative defense could be stricken for failure to meet the plausibility pleading standard, the Court is not obligated to strike it. Although the Court will exercise its discretion on a case-by-case basis, it believes that the following framework will strike an appropriate balance between providing plaintiffs with adequate notice of affirmative defenses and not turning the pleading stage into a free-for-all of motions to strike.

The question the Court expects to drive its analysis is whether the defendant is in a position to know the facts supporting its affirmative defense at the outset of

the case. For example, if the defendant believes the claim is precluded under the doctrine of *res judicata*, he will be aware of the prior litigation with the plaintiff and likely can plead facts that satisfy the *Twombly–Iqbal* standard. A defense such as unclean hands, however, will hinge on the plaintiff's conduct, and the defendant will be ill-suited to allege facts to plausibly support it at the pleading stage. *Cf. Aylin*, 2022 WL 658786, at *3 (noting the asymmetry between plaintiffs, who control the timing of their filing and may investigate their claims ahead of time, and defendants, who must answer a complaint within 21 days of service). Other defenses may not be amenable to factual allegations at all, such as the statute of limitations: "What 'factual matter' could be pleaded in support of this affirmative defense? The defense generally consists of two elements: (1) the date on which the plaintiff's claim accrued, and (2) the time stated in the applicable statute of limitations. Both elements depend primarily on legal conclusions rather than facts." *Patzer*, 382 F. Supp. 3d at 866.

When a defendant knows or should know the facts underlying an affirmative defense, it will usually be appropriate to require him to plead facts that make the defense plausible. Doing so will help put the plaintiff on notice and facilitate discovery into the facts supporting the defense or, if the defense fails as a matter of law, quick resolution via a motion to strike. *Cf. Romans*, 2023 WL 2933050, at *6–12. When the defendant is not in a position to plead facts supporting an affirmative defense, it will usually be preferable to put off resolution of that defense until discovery is underway or complete. For example, a plaintiff could take the *Aylin* court's sensible approach:

> There is a better alternative to motion practice, which would require
> courts to police the adequacy of answers at the pleading stage. A better

approach is for a plaintiff to serve an interrogatory, and ask the defendant to provide the factual basis for each affirmative defense. If there is none, then the plaintiff could move for summary judgment on those defenses someday, if necessary. …

[C]ourts are not in the business of rejecting generic affirmative defenses, at least not at the pleading stage. That pleading policework would lead to a proliferation of motion practice, which is already abundant (and then some). A different approach would encourage motions to strike and turn Rule 12(f) on its head, transforming it from a disfavored path into an overcrowded highway with a traffic jam of motions.

2022 WL 658786, at *3 (citation omitted). Even if the Court struck an affirmative defense that depended on pleading facts not available to the defendant, it would likely grant leave to amend the answer to reassert a stricken defense if discovery turned up facts to support the defense. *Cf.* Fed. R. Civ. P. 15(a)(2).

Under this framework, a motion to strike is appropriate when an affirmative defense fails to state factual matter within the defendant's knowledge or when it is clear as a matter of law that the affirmative defense will fail. A motion to strike for failure to plead facts about the plaintiff's behavior or facts that are best developed in discovery will usually be denied.

### D.    Midea's Defenses

With these principles in mind, the Court turns to Midea's defenses. [Dkt. 41 at 9–10.] Midea withdraws its seventh and eighth defenses. [Dkt. 48 at 9.] Among the other defenses, some are sufficiently pleaded, but others will be stricken.

*Defense 1: Failure to state a claim*. Midea's first "affirmative defense" is failure to state a claim upon which relief can be granted. This is not an affirmative defense. *See Bell*, 827 F.3d at 704–05; *Aylin*, 2022 WL 658786, at *3. Midea does not state facts to support it [*see* Dkt. 44 at 3], but this is a negative defense that is routinely asserted

10

in barebones fashion. *See Aylin*, 2022 WL 658786, at *4. While the Court is skeptical that its inclusion will meaningfully help Midea, it declines to strike it. If CNA wishes to learn more about why Midea believes its claims fail, it may serve an interrogatory.

*Defense 2: Improper process or service of process.* These are affirmative defenses because they involve facts outside the scope of CNA's complaint, *see Bell*, 827 F.3d at 704–05, so they are properly asserted as affirmative defenses, but they fail the second and third prongs of the test for motions to strike affirmative defenses. *See Romans*, 2023 WL 2933050, at *3. Midea knows how and when it was served, and it received a copy of the summons, so it should be able to allege facts supporting these defenses. Indeed, its response to the motion to strike assert a basis for these defenses [Dkt. 48 at 6], but pleadings cannot be amended through briefs. *Cf. Agnew v. NCAA*, 683 F.3d 328, 348 (7th Cir. 2012). This defense will therefore be stricken without prejudice, but if Midea wishes to press its defenses regarding service, the right time to do so is at the outset, not after substantial proceedings. Instead of repleading these defenses in an amended answer, Midea may move to dismiss under Rule 12(b)(4) and/or (5).

*Defense 3: Lack of personal jurisdiction.* This is also an affirmative defense that is properly raised but lacks sufficient factual matter. *See Bell*, 827 F.3d at 704–05; *Romans*, 2023 WL 2933050, at *3. Midea's response brief points to the fact that it is a Singaporean corporation with its principal place of business in Singapore [Dkt. 48 at 6–7], which is arguably sufficient at this stage to support its defense, given that CNA has the burden to establish personal jurisdiction. *See Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020). It is clear why a Singaporean corporation

would contend that a federal court in Illinois lacks personal jurisdiction and how CNA can attempt to establish Midea's contacts with Illinois—by serving discovery about Midea's jurisdictional contacts. Even so, the basis for this defense should have been alleged in the section asserting defenses. *Cf. Agnew*, 683 F.3d at 348. The Court would not strike this defense solely for this reason, but because it is striking other defenses and giving Midea leave to replead, if Midea amends, it should add factual allegations to this defense. Because lack of personal jurisdiction can be adjudicated at trial, Midea need not raise this defense in a motion to dismiss, but it may if it wishes to.

*Defenses 4: Waiver, estoppel, and laches*. These are affirmative defenses listed in Rule 8(c)(1), so they are properly asserted as affirmative defenses. Midea has put CNA on notice of these defenses by invoking them, and because they turn on CNA's conduct, the Court declines to strike them before Midea has had a chance to develop facts to support them in discovery. *See Aylin*, 2022 WL 658786, at *3.

*Defense 5: Contributory negligence*. This is a valid affirmative defense that appears in Rule 8(c)(1) and turns on CNA's conduct. Contributory negligence applies in tort claims, but it has a contract law analogue. *Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449, 453 (7th Cir. 1982) ("A breach of contract is excused if the promisee's hindrance or failure to cooperate prevented the promisor from performing the contract. The corresponding defense in the case of negligence is, of course, contributory negligence." (citation omitted)). The Court will not strike this defense.

*Defense 6: Material breach*. "[T]he defense that plaintiff materially breached the agreement is not an affirmative defense but, rather, is an attack on the sufficiency

12

of plaintiff's claim." *Envision Graphics, LLC v. Domeracki*, 2012 WL 6969209, at *6 (Ill. App. Ct. 2012). Therefore, the plausibility pleading standard does not apply, and naming the defense puts CNA on notice that Midea may argue that CNA materially breached the contract. The Court declines to strike this defense.

*Defense 9: Failure to mitigate*. This is a valid affirmative defense hinging on CNA's conduct. [Dkt. 51 at 5–6.] Stating this defense has put CNA on notice of it, and the Court agrees that Midea cannot be expected to know the underlying facts at this early stage [*see* Dkt. 48 at 10], so the Court will not strike the defense now. *See Aylin*, 2022 WL 658786, at *3.

*Defense 10: Contravention of public policy*. Whether a contract is unenforceable because it violates public policy is an affirmative defense, and Midea correctly notes that adjudicating this defense "necessitates a fact based inquiry." [Dkt. 48 at 10.] But while the question of "[w]hether or not a contract is contrary to public policy depends on the peculiar facts and circumstances of each case," *O'Hara v. Ahlgren, Blumenfeld & Kempster*, 537 N.E.2d 730, 734 (Ill. 1989) (citation omitted), it does not follow that the Court should decline to adjudicate it on the pleadings.

The Supreme Court of Illinois has stated that "[t]he public policy of this State is reflected in its constitution, its statutes and its judicial decisions," and that to decide whether a contract contravenes public policy, "courts must determine whether *the agreement* is so capable of producing harm that its enforcement would be contrary to the public interest." *Id.* (citations omitted) (emphasis added). The analysis requires the Court to determine whether the contract itself violates public policy as articulated

13

in Illinois's constitution, statutes, or judicial decisions. The Court agrees with the approach of courts that have required a defendant asserting this defense to identify the relevant policy and have ruled on whether the defense is sufficient at the pleading stage. *See, e.g.*, *Nationwide Gen. Ins. Co. v. Cather Grocery, Inc.*, 2020 WL 1428774, at *2 (C.D. Ill. Mar. 5, 2020) (recommending the defense be stricken because the policy was not identified), *report and recommendation adopted*, 2020 WL 1430607 (C.D. Ill. Mar. 23, 2020); *Advantage Futures LLC v. Herm LLC*, 2019 WL 3766102, at *4–5 (N.D. Ill. Aug. 8, 2019) (striking the defense because the contract did not contravene public policy). Therefore, the Court strikes this affirmative defense and gives Midea leave to replead it, identifying a source of public policy that the contract offends.[1]

*Defense 11: Unenforceable agreement.* This defense, which asserts that the contract is unenforceable, is not an affirmative defense because it challenges CNA's ability to prove the elements of its claim. *See Gore v. Ind. Ins. Co.*, 876 N.E.2d 156, 161 (Ill. App. Ct. 2007) ("In order to state a claim for breach of contract, a plaintiff must establish: (1) the existence of a valid, enforceable contract …." (citation omitted)). Because the plausibility pleading standard does not apply, Midea must do no more than state the defense, which it has done, so the Court will not strike it.

*Defense 12: Ambiguity.* This is a more specific version of the unenforceability defense, which likewise attacks CNA's ability to prove the elements of its claim. *See Morey v. Hoffman*, 145 N.E.2d 644, 647 (Ill. 1957) ("To be enforceable the contract

---

[1]     To the extent that Midea is unable to identify a relevant public policy now but does so in the future, it may, of course, seek leave to amend its answer pursuant to Rule 15(a)(2). The Court takes no position on whether such an amendment would be permitted.

must be so definite and so certain in all of its terms that a court can require the specific thing contracted for to be done. The terms must be clear, certain and free from ambiguity and doubt." (citations omitted)). CNA is on notice that Midea may argue that contractual terms are ambiguous, so the Court will not strike this defense.

*Defense 13: Uniform Commercial Code.* This defense asserts that provisions of the Uniform Commercial Code ("UCC") may bar enforcement of the contract. Midea does not identify which provisions of the UCC it believes may apply, but to the extent that this is a negative defense—that is, CNA has failed to comply with some provision of the UCC necessary to make the contract enforceable—Midea need not do more than put CNA on notice by invoking the UCC. The Court will not, therefore, strike this defense. However, to the extent that UCC provisions that Midea hopes to rely on constitute affirmative defenses within the meaning of Rule 8(c)(1), *see Bell*, 827 F.3d at 704–05, it may need to name the provisions and possibly plead facts in support of its defense or risk waiving its defense. Midea may amend this defense if it wishes.

*Defense 14: Incorporation by reference.* Midea's final defense purports to "incorporate[ ] as if fully set forth herein all affirmative defenses raised in" its answer. [Dkt. 41 at 10.] CNA does not discuss this defense [*see* Dkt. 44], but the Court *sua sponte* strikes it as insufficient under Rule 12(f). It is Midea's burden to assert its affirmative defenses, and it is improper to expect CNA or the Court to comb through its answer to identify the support for such defenses. A defendant may not reserve its rights to name additional defenses, *see Aylin*, 2022 WL 658786, at *4; in the same vein, the Court will not allow Midea to incorporate affirmative defenses by reference.

15

If Midea believes its answer contains unstated affirmative defenses, it must add them now or seek leave to do so later under Rule 15(a)(2).

## III. Conclusion

For the foregoing reasons, CNA's motion to strike [Dkt. 44] is granted in part and denied in part. The Court strikes defenses 2, 3, 7, 8, 10, and 14 and declines to strike defenses 1, 4, 5, 6, 9, 11, 12, and 13.

Enter: 23-cv-462
Date:  April 9, 2024

_____
Lindsay C. Jenkins
United States District Judge

16